UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN SMITH, | ) | CASE NO.   4:09 CV1142 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| J.T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Marvin Smith filed the above-captioned petition pursuant to 28 U.S.C. § 2241. Incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), Mr. Smith sues F.C.I. Elkton Warden J.T. Shartle as his current custodian. He argues his Fifth Amendment right to due process was violated when respondent refused to provide notice and a hearing on a Code 330 violation.[1]

BACKGROUND

The facts at issue in this petition are undisputed. On May 8, 2008, petitioner was summoned to the Health Services Facility at F.C.I. Elkton. He claims he was locked in the waiting room when he asked prison staff if he could use the secure restroom outside of the waiting area. The request was denied without explanation. While sitting in the waiting area with other prisoners present, Mr. Smith located a mop room with a drainage grate on the floor. Claiming he was suffering from a "urinary tract disorder" and feeling physical pain, petitioner urinated into the drain

---

[1]In his final appeal to the Central Office, Mr. Smith did request an expungement of his record and an admonishment to provide sanitary facilities at all times to prisoners.

of the mop room. When a staff member witnessed Mr. Smith's actions he asked why petitioner used the floor drain, and Mr. Smith explained that he had a history of bladder problems.

An incident report was issued later that day charging petitioner with a Code 317 violation, Failure to Follow Safety or Sanitation Regulations. A copy of the report was delivered to Mr. Smith in the evening. Petitioner's explanation to the Unit Discipline Committee (UDC) regarding the incident was that he had a "history of bladder problems. I could not hold it any longer." (Pet.'s Ex.1, Incd. Rpt. at ¶ 17.) The UDC found petitioner committed the prohibited act and sanctioned him with the loss of commissary privileges for 90 days.

Petitioner timely filed an appeal. He argued he is a 71 year old man with a history of "urinary tract maladies." In fact, prison staff issued a prescription to Mr. Smith on June 6, 2008 for urinary tract function and bladder problems. At the time of the incident, he claims he felt extreme pain and an immediate need to relieve his bladder. When he asked to use the inmate toilet, "PA Flatt simply denied [his] request and locked the door in [his] face." *Id*. To avoid publicly soiling himself, Mr. Smith chose what he perceived as the most reasonable option. Regional Director Scott Dodrill agreed, in part. Mr. Dodrill found there was no established rule or regulation in this case. As such, he reasoned petitioner could not violate Code 317, which "entails the nonperformance of an established rule concerning safety and sanitation." (Letter from Dodrill to Smith of 7/31/08, at 1.) While noting petitioner was not absolved of responsibility for his behavior, Mr. Dodrill determined Code 330, Being Unsanitary/Untidy, would be a more appropriate code violation. He added:

> This decision is based on the description of your behavior in Section 11 of the incident report and the evidence presented to the UDC at the time of the UDC hearing. As you were given the opportunity to defend against your actions, a new UDC hearing for offense Code 330 is not necessary. Additionally, the sanction originally imposed for offense Code 317 will not be affected. You will be provided

> with an amended UDC report listing the amended offense Code. We note the Health Services Administrator, who was the reporting officer, indicated your medical records were reviewed and you did not have medical history of frequent urination or a bladder problem.

*Id.* Appealing to the Central Office, Mr. Smith argued the change in Code violations without another hearing denied him the opportunity to defend himself. He still maintained that he had a prescription for bladder control issued in June 2008. Moreover, he alleged Bureau of Prison (BOP) policy requires prisoners have access to toilet facilities.

The National Inmate Appeals Administrator denied petitioner's appeal on October 16, 2008. He found, contrary to the Central Office, that Mr. Smith committed a Code 317 violation. To date, no amended UDC report has been issued.

### STANDARD OF REVIEW

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons set forth below, petitioner is not entitled to an award of the writ for which he applying.

### 28 U.S.C. § 2241

Claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). These opinions reflect the underlying principle "that [it is] the likelihood of the effect on the overall length of the prisoner's sentence . . . [that] determines the availability of habeas corpus."

*Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir.2003), *cert. denied*, 541 U.S. 1063 (2004).

CHALLENGE TO INCIDENT REPORT

The substance of Mr. Smith's petition focuses on his contention that the UDC improperly charged him with a Code violation. Initially on appeal, he presented evidence he was diagnosed with a urinary tract ailment and was compelled to use an emergency outlet. After the Central Office conceded his violation should have been designated as a Code 330, Mr. Smith challenged the lack of notice to respond to a Code 330 violation and failure to provide a new hearing. He sought a new hearing, the expungement of his incident report and a directive ordering respondent to provide broader access to toilet facilities for prisoners.[2] Based on his presumed request for resolution from this court, petitioner is not entitled to habeas relief.

The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact, and administrative sanctions are not comparable to a criminal conviction. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus, neither the amount of evidence necessary to support such a conviction, *see Jackson v. Virginia*, 443 U.S. 307 (1979), nor any other standard greater than "some evidence" applies in this context. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 456 (1985). Therefore, insofar as Mr. Smith argues more evidence should have been examined before he was charged with a Code violation, he cannot sustain a claim.

---

[2]This is an argument attacking a condition of petitioner's confinement. Section 2241 is not a vehicle for challenging prison conditions, but for challenging matters concerning the execution of a sentence and the effect on the overall length of a prisoner's sentence. *See Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir.1979).

RIGHT TO DUE PROCESS

With regard to petitioner's claim that he is entitled to another hearing on a violation resulting in the loss of commissary privileges, he has failed to raise a successful argument. We "reach the quest of what process is due only if the inmates establish a constitutionally protected liberty interest." *Wilkinson v. Austin*, 545 U.S 209, 221 (2005). A prisoner's liberty interests are implicated by disciplinary decisions that result "in an atypical and significant hardship . . . in relation to the ordinary incidents of prison life" or that "lead to the loss of good time credit." *Luna v. Pico*, 356 F.3d 481, 487 & n. 3 (2d Cir.2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). While the loss of a prisoner's good time credits affords certain procedural safeguards, petitioner's incident report resulted only in the temporary loss of commissary privileges, which does not implicate a protected liberty interest.

Even if a liberty interest were at stake, the UDC weighed the Incident Report and petitioner's statements and determined it was unsanitary to urinate in the utility closet drain. The UDC considered the fact that petitioner admitted he committed the act, had no medical history of bladder control problems before the incident, and judged him guilty of the relevant infraction. As the Central Office noted when it reconsidered his violation as a Code 330, the relevant sanction is the same for both Code violations. Thus, inasmuch as the UDC's decision is supported by "some evidence" in the record, petitioner's claim fails on the merits. *See Superintendent, Massachusetts Corr. Inst.*, 472 U.S. at 454.

CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.

The court certifies that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: September 30, 2009

                                               **HONORABLE SARA LIOI**
                                               **UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."